JOHN E. ANDREW, Appellant, v. JACOB H. VANDERBILT and JOHN ENGLIS, Respondents.

*A creditor's action will not lie until the legal remedies are exhausted — when the dissolution of a corporation does not relieve a creditor from the necessity of recovering a judgment against it.*

This action was brought by the plaintiff in March, 1875, to collect a debt which had been contracted by a New Jersey corporation, out of property alleged to have been illegally divided among its stockholders, among whom were the defendants. It appeared that the plaintiff's cause of action accrued in the latter part of the year 1864, or the early part of 1865, and the corporate existence of the company continued until February 28, 1869, when its charter expired by its own limitation.

*Held*, that he could not maintain the action for the reason that he had not fully exhausted his legal remedies against his debtor, the corporation.

That, as he was bound to know the tenure by which his debtor held its franchise, he should have recovered a judgment against it before its corporate existence expired.

That, even after its dissolution, he might, under the provisions of the statute of New Jersey, have brought an action against the directors of the corporation who are by that statute made its trustees, and that as he had failed so to do he could not maintain this action.

APPEAL from a judgment of the Special Term sitting in equity.

The plaintiff brought this action in March, 1875, and sought therein to have the defendants adjudged to be liable, as stockholders in a foreign corporation, known as the New Jersey Steam Navigation Company, for an indebtedness of that corporation to him, on the ground that the corporation divided all its property and capital among the defendants and other stockholders, closed its operations and went out of existence by the expiration of its charter, leaving the plaintiff's debt unpaid. The charter expired between three and four years after the debt accrued and became due to the plaintiff. No judgment was ever recovered against the company.

*Benedict, Taft & Benedict*, for the appellant.

*Work & McNamee*, for respondent Vanderbilt.

*Charles Jones*, for respondent Englis.

DAVIS, P. J.:

The ground on which this case was disposed of at the Special Term is that the plaintiff had not exhausted his remedy at law before commencing his suit in equity, and under the established authorities of this State could not pursue persons to whom his debtor had transferred its property in fraud of his rights. This ground is disclosed, and its application to the case fully shown, by the opinion of Mr. Justice VAN BRUNT, before whom the issues were tried. We are of opinion that the decision of that court was correct, and we adopt the opinion pronounced by Mr. Justice VAN BRUNT as that of this court. The opinion is as follows:

VAN BRUNT, J.:

The only question which it is necessary to discuss, in the disposition of this case, is whether the plaintiff is in a condition to

maintain the present action, being simply a creditor at large. It is not necessary to cite authorities to establish the proposition that a creditor at large cannot maintain an action in the nature of a creditor's bill.

It is a well settled rule that in order to reach property which has been fraudulently disposed of by a debtor the creditor must show that he has obtained a judgment, and that he has issued an execution and that the same has been returned unsatisfied, or that an execution is outstanding and the bill filed in aid of such execution. In other words, he must show that he has exhausted his remedy at law, or that there is some obstacle which must be removed by the judgment of a court of equity, in order that he may exhaust such remedy, but in any event he must be an execution creditor. There is, however, one exception to the rule, and that is, that where by the act and operation of law it has become impossible for the creditor to procure a judgment, and issue an execution and procure the return thereof unsatisfied, such condition precedent is no longer in force as having become impossible. The inquiry, therefore, which it is necessary to make is, had it become impossible for the plaintiff in this action to have procured a judgment and exhausted his remedy at law by the issuance of an execution, by act or operation of law?

It appears from the admitted facts in this case that the cause of action accrued probably in the latter part of 1864 and certainly in the early part of the year 1865. It further appears that the corporate existence of the New Jersey Steam Navigation Company continued until the 28th of February, 1869, when its charter expired by its own limitation. The excuse which is offered upon the part of the plaintiff, that he did not know of the limitation in the existence of the charter of the company, cannot be considered, because he was bound to know the tenure by which his debtor held its franchises. (*Lowry* v. *Inman*, 46 N. Y., 125.) He had, therefore, a long period of time, with knowledge of the fact that the corporation would expire by the limitations of its charter on a given date, in which to act, but he took no measures whatever to procure a judgment and secure the payment of his debt by proceedings at law, which, under the decision of *Herring* v. *New York, Lake Erie and Western Railroad Company* (63 How. Pr., 504), it was his duty to do. But

even after the dissolution of the corporation by its own limitation the plaintiff had the right, under the statutes of this State and New Jersey, to bring an action against the directors of the corporation as trustees thereof. By the first section of the New Jersey statute on dissolution of a corporation, the directors, etc., are made trustees, with full power to settle the affairs, collect the outstanding debts and divide the moneys and properties among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution. By the next section it is provided that the persons constituted trustees as aforesaid shall have authority to sue, and shall be suable by the same name or in their own names and individual capacities, for the debts due by such corporation at the time of its dissolution and shall be jointly and severally responsible for such debts to the amount of the moneys and property of such corporation at the time of its dissolution, and which shall come to their hands or possession. The liability of the trustees being thus made similar to that of an executor or administrator of a deceased person, they can be sued as the trustees of the corporation and are personally liable for all such assets as may come into their hands. Therefore the plaintiff in this action could have sued the trustees of the New Jersey Steam Navigation Company as trustees of such corporation and obtained judgment entirely independent of the fact of their having no property of the corporation in their possession, and if they had any such property in their possession he could have made such trustees personally liable to the extent of such property.

In the case of a deceased person it has been held that the averment that the deceased was insolvent does not excuse the party seeking to reach property fraudulently assigned from the obtaining of a judgment and exhausting his remedy at law. So in the case at bar, the plaintiff in this action was bound, notwithstanding the allegation or the claim or the proof that the New Jersey Steam Navigation Company had parted with all its property, to exhaust its remedy at law. He could have sued the directors of the corporation as trustees under the statute, have obtained a judgment, issued an execution against them in their representative capacity, even if it was not possible for the plaintiff to show that they had any property of the corporation in their possession to the extent of which they would be personally responsible.

It seems to me, therefore, that there was no impediment whatever in the way of the plaintiff in this action obtaining a judgment and exhausting his remedy at law against the property of the corporation, although as a corporation it may have ceased to exist, prior to his resort to the equitable powers of the court to reach property of the corporation fraudulently assigned. As I have said before, I can see no distinction whatever between the rights of the plaintiff, under the circumstances of this case, and those which would have accrued to him had his claim been against a party who had died prior to the running of the statute of limitations. The right to sue the directors, as trustees of the dissolved corporation, by the New Jersey statute is expressly conferred, independent of their joint and several liability, for debts to amounts of money and property of such corporation at the time of its dissolution or which should come to their hands or possession as such trustees. This right is not expressly conferred by the New York statute, although perhaps it might be inferred from its language.

In the case of *Sturgis* v. *Vanderbilt* (73 N. Y., 391, 392), a similar question was discussed, but it is difficult precisely to say what the decision of the court was upon this point in that case. The principle is recognized that a creditor must have exhausted his remedy at law before seeking by means of a court of equity to recover property fraudulently disposed of. But the application of the principle in that case seems also to have been coupled with certain evidence that at the time of the dissolution of the corporation the directors had sufficient property of the corporation in its possession to have paid the claim of the plaintiff in that action.

It has been assumed in the case at bar that no such feature appears by the evidence produced upon the trial of this action, and in that respect the case at bar differs from the case of *Sturgis* v. *Vanderbilt*. But the fact that there was no impediment to the procuring of a judgment by the plaintiff upon his alleged claim, and thus exhausting his remedy at law, still remains, and that the dissolution of the corporation by the expiration of its charter formed no greater impediment to the seeking of such relief than the death of a debtor would do in the case of a natural person. Therefore I am of the opinion that before the plaintiff in this action could seek the intervention of a court of equity for the purpose of reaching

property which had been fraudulently disposed of by the New Jersey Steam Navigation Company, his debtor, he was bound to have pursued his remedies at law to judgment and execution returned unsatisfied, and that this condition precedent not having been complied with, he has failed to make out a cause of action.

The plaintiff's complaint should be dismissed, with costs. The judgment appealed from should therefore be affirmed, with costs.

BRADY, J., concurred.

Judgment affirmed, with costs.